IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:03-CR-377-K-1 |
| | ) | |
| LESLIE REDMOND, | ) | |
| BOP Registration No. 31204-177, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Leslie Redmond's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) [Dkt. No. 137], supplemented by a sealed filing prepared with the assistance of counsel [Dkt. No. 148], and the government's sealed response [Dkt. No. 149]. For the reasons explained below, because Redmond has shown an extraordinary and compelling reason for a reduced sentence, and because the Court finds that no component of the applicable factors under 18 U.S.C. § 3553(a) renders inadequate a reduced sentence of time served, the Court **GRANTS** the motion as supplemented, **REDUCES** Redmond's sentence to time served, and **ORDERS** that he be immediately released from custody under the previously imposed conditions of supervised release.

### Applicable Background

In 2004, Redmond pled guilty to four counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); two counts of bank robbery, in violation of § 2113(a); and two counts of using, carrying and brandishing a firearm during or in relation to a

crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), and, on April 21, 2005, he was sentenced to 12 months' imprisonment on each robbery count, to run concurrent with each other; seven years' imprisonment for brandishing on the first § 924(c) count, to run consecutive to the sentence imposed on the robbery counts; and 25 years' imprisonment for brandishing on the second § 924(c) count,to run consecutive to the sentence imposed on the first § 924(c) count, *see* Dkt. No. 98, resulting in a total sentence of 33 years' imprisonment.

The United States Court of Appeal for the Fifth Circuit affirmed Redmond's convictions and sentences. *See United States v. Redmond*, No. 05-10645 (5th Cir. Aug. 21, 2007), *cert. denied* (Feb. 19, 2008). Since then, Redmond has unsuccessfully sought post-conviction relief. *See, e.g.*, *Redmond v. United States*, 3:08-CV-1129-K (N.D. Tex.), *C.O.A. denied*, No. 09-10062 (5th Cir. 2009), *cert. denied* (U.S. Mar. 22, 2010).

When Redmond was sentenced, "§ 924(c) imposed a mandatory minimum sentence of 5 [to 10] years for a defendant's first § 924(c) conviction, and a mandatory minimum sentence of 25 years "in the case of a second or subsequent" § 924(c) conviction." *United States v. Chen*, 48 F.4th 1092, 1093-94 (9th Cir. 2022) (citing COMPREHENSIVE CRIME CONTROL ACT OF 1984, Pub. L. No. 98-473, § 1005(a), 98 Stat. 2138, 2138-39 (as amended by Pub. L. No. 105-386, 112 Stat. 3469 (1998)); footnote omitted). Redmond's § 924(c) convictions were for brandishing a firearm during the crime, so his first § 924(c) conviction resulted in a mandatory minimum of seven years. *See* 18 U.S.C. § 924(c)(1)(A)(ii).

> Under *Deal v. United States*, the Supreme Court established that the 25-year mandatory minimum enhancement for "second or subsequent" convictions applied to multiple § 924(c) counts charged in a single case, even when that case marked the first time a defendant was ever charged with a § 924(c) offense, creating what is colloquially known as the practice of "§ 924(c) stacking." *See Deal*, 508 U.S. 129, 130-36 (1993) ….
>
> In 2018, § 403(a) of the First Step Act negated *Deal* by clarifying that the 25-year enhancement is triggered only by a § 924(c) conviction occurring after the initial § 924(c) conviction "has become final." *See* FIRST STEP ACT OF 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221-22 (codified at 18 U.S.C. § 924(c)(1)(C)). In practice, § 403(a) of the First Step Act ended § 924(c) stacking because first-time offenders no longer receive stacked sentences for multiple § 924(c) convictions in the same proceeding. However, Congress limited the application of § 403(a) only to defendants who have not yet been sentenced for their § 924(c) convictions, which courts routinely interpret as meaning that § 403(a) is non-retroactive. Pub. L. No. 115-391, § 403(b), 132 Stat. 5194, 5221-22 ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.").

*Chen*, 48 F.4th at 1094.

## Legal Standards

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c).

Under § 3582(c)(1)(A) as amended by the First Step Act (the FSA), however, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)); *see id.* at 693 n.1.

Congress failed to define "extraordinary and compelling reasons" in this context, leaving "that task to the Sentencing Commission, though Congress did insist that '[r]ehabilitation of the [prisoner] alone' cannot justify a reduced sentence." *United States v. Jackson*, 27 F.4th 1088, 1090 (5th Cir. 2022) (quoting 28 U.S.C. § 994(t); citing *United States v. Shkambi*, 993 F.3d 388, 390-91 (5th Cir. 2021)).

And the United States Court of Appeals for the Fifth Circuit recently clarified "that a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence," holding that, "[b]ecause [the federal prisoner's] claims would have been cognizable under [28 U.S.C.] § 2255, they are not cognizable under § 3582(c)." *United States v. Escajeda*, ___ F.4th ___, No. 21-50870, 2023 WL 195798, at *2 (5th Cir. Jan. 17, 2023).

A reduction under § 3582(c) also "must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Jackson*, 27 F.4th at 1089 (quoting § 3582(c)(1)(A)). And, through its commentary to U.S.S.G. § 1B1.13, the Sentencing Commission "'articulate[s] four categories of 'extraordinary and compelling reasons' that could warrant a sentence reduction: (A) medical conditions of the defendant; (B) age of the defendant; (C) family circumstances; and (D) other reasons' identified by the Bureau [of Prisons] Director." *Jackson*, 27 F.4th at 1089 (quoting *Shkambi*, 993 F.3d at 391 (citing, in turn, U.S.S.G. § 1B1.13 cmt. n.1)).

"[T]he Commission apparently did not anticipate that Congress would allow prisoners to file compassionate-release motions," however, as § 1B1.13 "repeatedly

states that it governs *the Bureau's* compassionate-release motions." *Id.* (citing *Shkambi*, 993 F.3d at 392). Consequently, "§ 1B1.13 is not an 'applicable policy statement' to compassionate release motions filed by prisoners, [so] 'neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582.'" *United States v. Cooper*, 996 F.3d 283, 288 (5th Cir. 2021) (quoting *Shkambi*, 993 F.3d at 392-93); *see also United States v. Rodriguez*, 27 F.4th 1097, 1099-1100 (5th Cir. 2022) ("There is little developed guidance on what constitutes extraordinary and compelling reasons for a sentence reduction because neither § 3582 nor the Guidelines fully define or limit those reasons." (citing *Shkambi*, 993 F.3d at 391-92)).

"Even so, Section 1B1.13 may 'inform[ ]' the district court's analysis." *Jackson*, 27 F.4th at 1090 (quoting *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing, in turn, *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam))); *see also United States v. Rucker*, No. 21-40204, 2021 WL 5627064, at *1 (5th Cir. Nov. 30, 2021) (per curiam) ("Reliance on § 1B1.13 merely as guidance [is] not error." (citing *Thompson*, 984 F.3d at 433)).

And, if a defendant does proffer a reason for a reduction that the Court—no longer bound by § 1B1.3—finds to be extraordinary and compelling, that alone is not a basis to reduce a sentence. The defendant still must convince the Court "to exercise discretion to grant the motion for compassionate release after considering the Section 3553(a) factors." *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021) (cleaned up; quoting *Shkambi*, 993 F.3d at 392). *Cf. Thompson*, 984 F.3d at 433 & n.2 (affirming

denial of compassionate release motion just on the district court's determination that no extraordinary and compelling reasons warranted release).

In fact, "[t]he district court's conclusion that the § 3553(a) factors do not merit relief is both dispositive of the matter and unaffected by [the] ruling in *Shkambi*"—expanding scope of what reasons may be considered extraordinary and compelling. *United States v. Simon*, No. 21-30057, 2021 WL 4782790, at *1 (5th Cir. Oct. 13, 2021) (per curiam) (citing *United States v. Shorter*, 850 F. App'x 327, 328 (5th Cir. 2021) (per curiam)); *see also Escajeda*, 2023 WL 195798, at *3 (Because "the district court "considered the applicable factors and denied relief," "[i]t did not need to say more.").

**Discussion**

Before a defendant may bring his own motion, the FSA, "in clear language, specifies" that "a defendant must submit a request to 'the Bureau of Prisons to bring a motion on the defendant's behalf.'" *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) (quoting § 3582(c)(1)(A)). This "prefiling administrative exhaustion requirement is not jurisdictional, but it is a mandatory claim-processing rule." *United States v. Harmon*, 834 F. App'x 101, 101-02 (5th Cir. 2021) (per curiam) (citing *Franco*, 973 F.3d at 467-68)). So, if "the Government properly raise[s] the rule requiring exhaustion in the district court, 'the court *must* enforce the rule.'" *Id.* at 102 (quoting *Franco*, 973 F.3d at 468; emphasis by *Franco*). Here, the government does not raise the rule, *see* Dkt. No. 150, and Redmond convincingly shows that he has exhausted his

administrative remedies, *see* Dkt. No. 148 at 4-5. The Court will therefore consider the merits of his motion as supplemented.

First, Redmond has shown an extraordinary and compelling reason to reduce his sentence. As set out above, the law as it existed when Redmond was sentenced in 2005 required his severe sentence of 33 years' imprisonment. That is, in the same proceeding, Redmond pled guilty to two counts under § 924(c). And, at that time, the "second or subsequent" provision of § 924(c) applied to a defendant who was convicted of more than one § 924(c) offense in a single proceeding. So controlling precedent required the Court to stack the 25-year sentence on top of the seven-year sentence.

As also set out above, in 2018, Congress negated that approach going forward under the FSA, "one component of which clarified that sentence stacking in § 924(c) cases 'applies only when a prior § 924(c) conviction arises from a separate case and already "has become final."'" *United States v. Rainwater*, No. 3:94-CR-042-D(1), 2021 WL 1610153, at *1-*2 (N.D. Tex. Apr. 26, 2021) (citations omitted).

And this Court has joined other federal courts to conclude that, although this component of the FSA is not retroactive, such a watershed change in sentencing law may constitute an extraordinary and compelling reason to allow a defendant to pass through § 3582(c)(1)(A)'s first gate. *See United States v. Perkins*, No. 3:97-cr-55-K-21, 2023 WL 158910 (N.D. Tex. Jan. 11, 2023) (collecting cases); *see also, e.g.*, *Rainwater*, 2021 WL 1610153, at *2 ("It appears facially unjust that a defendant like Rainwater has received a sentence that is decades longer than what Congress now deems

warranted, as evidenced by its adoption of the First Step Act.").

Redmond's total sentence is 33 years; 32 of those years are, in effect, a mandatory minimum sentence delivered through the then required stacking of the terms of imprisonment imposed under the two § 924(c) counts. Redmond has now served more than 19 years of that sentence—an imprisonment four years longer than a sentence he would receive today if, for example, he was again sentenced to concurrent sentences of 12 months for each bank robbery count but was instead sentenced to consecutive terms of seven years for each brandishing count.

Accordingly, because Redmond has shown that the sentence that he received in 2005 is facially unjust considering what Congress now deems warranted, this extraordinary and compelling reason to reduce his sentence allows the Court to next consider whether it should exercise its discretion to reduce his sentence bearing in mind the applicable § 3553(a) factors.

The Court has carefully reviewed the record and the evidence and briefing presented by both sides. And, after doing so, the Court finds that none of § 3553(a) factors render inadequate a reduction of Redmond's custodial sentence to time served.

Redmond, no doubt, committed serious crimes. But he has now <u>already served</u> a serious sentence for this conduct: a term of imprisonment very likely longer than the sentence that he would receive today for the same conduct.

So, in evaluating the § 3553(a) factors, the Court has considered this very strong reason to reduce Redmond's sentence to time served and Redmond's personal

characteristics—he will soon be 61 years old; his BOP medical records documents multiple serious medical conditions, including cirrhosis of the liver and chronic kidney disease. And, after considering all the applicable factors—in particular, the sixth factor, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6), and the first two: "(1) the nature and circumstances of the offense and history and characteristics of the defendant" and "(2) the need for the sentence imposed," specifically "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," § 3553(a)—the Court finds that no component of the various factors now applicable renders inadequate the reduced sentence that the Court now imposes: time served. *See also Rainwater*, 2021 WL 1610153, at *4 (A defendant "should not, in effect, be sentenced under a mandatory-stacking scheme when district judges in significant numbers nationwide are opting to eliminate mandatory stacking by reducing such sentences in light of the First Step Act.").

## Conclusion

The Court **GRANTS** Defendant Leslie Redmond's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) as supplemented [Dkt. Nos. 137, 148], **REDUCES** his sentence to time served, and **ORDERS** that he be immediately released from custody under the previously imposed conditions of supervised release, *see* Dkt. No. 98.

**SO ORDERED.**

**Signed January 30th, 2023.**

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE